(108 So. 265)

## PATTERSON v. STATE. (8 Div. 330.)

(Court of Appeals of Alabama. April 20, 1926.)

1. **Witnesses** 269(2), 270(2)—**Question to defendant's witness as to whether he could play fiddle held error as irrelevant and not connected with direct examination.**

In trial for having carnal knowledge of girl under 16, overruling objection to question on cross-examination of defendant's witness, "You can play the fiddle?" *held* error; such inquiry being irrelevant and unconnected with any matter testified to by witness on direct examination.

2. **Criminal law** 1170½(5)—**Overruling objection to irrelevant inquiry on cross-examination of defendant's witness as to whether he could play fiddle held not reversible error.**

In trial for having carnal knowledge of girl under 16, overruling objection to question, on cross-examination of defendant's witness, as to whether he could play fiddle, *held* not so injurious to defendant's substantial rights as to necessitate reversal of conviction.

3. **Criminal law** 641(1) — **Refusal to allow accused to address jury at close of evidence held reversible error (Const. 1901, § 6).**

Refusal to allow defendant to address jury at conclusion of all evidence *held* reversible error, as denying his right under Const. 1901, § 6, to be heard by himself and counsel.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Walter Patterson was convicted of having carnal knowledge of a girl over 12 and under 16 years of age, and he appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

There is no error in the record, and the judgment should be affirmed.

BRICKEN, P. J. This appellant was indicted, tried, and convicted for the offense of having carnal knowledge of a girl over the age of 12 years and under 16 years of age. He was sentenced to imprisonment in the penitentiary for a term of five years.

[1, 2] Among other witnesses who testified in behalf of defendant, one Daniel Patterson, brother of defendant, was examined. On cross-examination of this witness the solicitor propounded the following question: "You can play the fiddle?" The defendant objected to this question, and excepted to the action of the court in overruling the objection. The witness was required to answer: "I can saw a little." What relevancy this inquiry had to any issue involved upon the trial of this case is not apparent to this court. It had no connection whatever with any matter testified to by the witness on his direct examination, nor did it bear relation to any fact shown by the evidence adduced upon this trial. If the solicitor intended to be facetious in this connection, and thus deprecate the evidence given by this witness in behalf of his unfortunate, and, as the record shows, afflicted, brother, such effort should have no place in a trial of this character. We regard the ruling here complained of as error, but under the prevailing rule we would not predicate reversal thereon, for we do not think the effect of the erroneous ruling was so injurious to the substantial rights of defendant as to necessitate a reversal of the judgment appealed from.

[3] However, the record does show that at the conclusion of all the evidence, when the testimony was closed, the defendant arose and made the request of the court to be allowed to address the jury in his defense. To this request the solicitor interposed an objection, and the defendant duly excepted to the court's ruling in not allowing him to address the jury. This ruling was violative of section 6, art. 1, of the Constitution of 1901, wherein it is provided, among other things, "that in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either," etc. No brief has been filed in behalf of appellant on this appeal, and there is nothing in the record from which we can gather that the defendant was represented by counsel upon the main trial of this case. Certainly it does not appear that his case was presented to the jury by counsel—in fact the inference is to the contrary—but it does affirmatively appear that by the court's ruling upon the objection of the solicitor the accused was denied the constitutional right, supra, and for this ruling this cause must be reversed and remanded. The question involved needs no discussion or elaboration.

Reversed and remanded.